THE HONORABLE KRISTIN RICHARDSON
TRIAL DATE: September 12, 2022

STATE OF WASHINGTON
SUPERIOR COURT OF WASHINGTON FOR THE COUNTY OF KING

| | |
|---|---|
| SMARTSHEET, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY; FREEDOM SPECIALTY INSURANCE COMPANY; ARGONAUT INSURANCE COMPANY; NORTH AMERICAN SPECIALTY INSURANCE COMPANY; OLD REPUBLIC INSURANCE COMPANY; HUDSON INSURANCE COMPANY; ALLIED WORLD NATIONAL ASSURANCE COMPANY; and BERKLEY INSURANCE COMPANY,<br><br>          Defendants. | Case No. 21-2-12226-1 SEA<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT AND BAD FAITH**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Smartsheet Inc. ("Smartsheet"), by and for its Complaint herein, alleges as follows:

## OVERVIEW

1.      This action concerns insurance coverage for claims asserted against a Washington company, Smartsheet, arising out of the purchase and sale of Smartsheet stock.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 1
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

2.      In June 2017, when Smartsheet was a private company, one of its principal investors, Insight Ventures Partners VII, L.P., and certain of its affiliated entities (collectively, "Insight"), made a tender offer for Smartsheet shares.

3.      Insight acquired approximately 5.3 million shares of Smartsheet stock in the tender offer at a price of $8.3035 per share.

4.      Smartsheet did not acquire any shares in the tender offer.

5.      On April 27, 2018, Smartsheet conducted an initial public offering ("IPO") of its shares on the New York Stock Exchange. Trading of the stock closed that day at $19.50 per share.

6.      Long after the IPO, in December 2019, certain participant-sellers in the tender offer sued Insight and an individual, Ryan Hinkle ("Hinkle"), in a putative class action alleging, among other things, violations of the Washington State Securities Act (the "*Colacurcio* Action"). The plaintiffs allege that Insight and Hinkle violated duties owed to the putative class by failing to disclose material information regarding the IPO to holders as part of the tender offer. Hinkle was a Managing Director of Insight and a Director of Smartsheet at the time of the tender offer.

7.      Insight and Hinkle then sued Smartsheet seeking advancement of the costs of defending the putative class action and have asserted a right to indemnification of any ultimate loss (the "*Insight* Action").

8.      Smartsheet initiated an arbitration action against one of the named plaintiffs in the putative class action, a former Smartsheet employee and participant in the tender offer, alleging that the plaintiff violated his separation agreement with Smartsheet in pursuing the putative class action lawsuit (the "*Hanson* Arbitration"). The former employee asserted a counterclaim alleging that Smartsheet violated Washington state securities laws by failing to disclose material information regarding the IPO as part of the tender offer.

9.      Smartsheet sought coverage for these claims against it from its insurers: Federal Insurance Company, Freedom Specialty Insurance Company, Argonaut Insurance Company,

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 2
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

North American Specialty Insurance Company, Old Republic Insurance Company, Hudson Insurance Company, Allied World National Assurance Company, and Berkley Insurance Company.

10.     Smartsheet purchased from these Defendant insurers towers of claims-made insurance in two consecutive policy periods following the IPO, as pleaded with particularity below. Each tower covers a cumulative $30 million limit of liability in six layers of $5 million each.

11.     The claims against Smartsheet are covered under one or the other, or both, towers, depending on when each claim is deemed to have been made. However, none of the insurers in either tower have properly accepted coverage for any of the claims.

12.     Defendant Federal Insurance Company was Smartsheet's primary insurer in both towers. Federal has wrongfully denied that the claims against Smartsheet are covered under the *second* policy, which was in effect when the putative class action claims against Hinkle were made. Moreover, under the *first* policy Federal has: (a) agreed to pay only **_5%_** of the defense costs in the class action and denied coverage entirely in the advancement action (beyond the amount it arbitrarily and unilaterally allocated to the claims against Hinkle); and (b) attempted to reduce the limits available under that policy by agreeing to pay for the defense and part of the settlement of an unrelated claim made against another insured.

13.     Smartsheet's other insurers either denied or did not accept coverage.

14.     On November 18, 2021, Smartsheet entered into settlement agreements to resolve the underlying matters, contingent on final approval of a settlement by the Court in the *Colacurcio* Action. One such settlement agreement was between Smartsheet, Insight, and Hinkle (the "Insight Settlement").

15.     None of Smartsheet's insurers have accepted coverage for the Insight Settlement.

16.     Accordingly, Smartsheet brings this action for declaratory relief and breach of contract against all insurers in both towers, and for bad faith against Federal. Smartsheet seeks a

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 3
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

declaration that the Defendants' policies – in the second tower, or alternatively in the first tower – cover as "Loss" all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:

(a) the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;

(b) the *Insight* Action against Smartsheet; and

(c) the *Hanson* Arbitration against Smartsheet.

## THE PARTIES

17.    Plaintiff Smartsheet is a corporation organized and existing under the laws of the State of Washington, with its principal executive offices in Bellevue, Washington.

18.    On information and belief, defendant Federal Insurance Company ("Federal") is a corporation organized under the laws of Indiana with its principal place of business in New Jersey. Federal sells insurance to companies domiciled in and doing business in the State of Washington.

19.    On information and belief, defendant Freedom Specialty Insurance Company ("Freedom Specialty") is a corporation organized under the laws of Ohio with its principal place of business in Ohio. Freedom Specialty sells insurance to companies domiciled in and doing business in the State of Washington.

20.    On information and belief, defendant Argonaut Insurance Company ("Argonaut") is a corporation organized under the laws of Illinois with its principal place of business in Texas. Argonaut sells insurance to companies domiciled in and doing business in the State of Washington.

21.    On information and belief, defendant North American Specialty Insurance Company ("North American Specialty") is a corporation organized under the laws of New Hampshire with its principal place of business in Missouri. North American Specialty sells insurance to companies domiciled in and doing business in the State of Washington.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 4
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

22.     On information and belief, defendant Old Republic Insurance Company ("Old Republic") is a corporation organized under the laws of Pennsylvania with its principal place of business in Illinois. Old Republic sells insurance to companies domiciled in and doing business in the State of Washington.

23.     On information and belief, defendant Hudson Insurance Company ("Hudson") is a corporation organized under the laws of Delaware with its principal place of business in New York. Hudson sells insurance to companies domiciled in and doing business in the State of Washington.

24.     On information and belief, defendant Allied World National Assurance Company ("Allied World") is a corporation organized under the laws of New Hampshire with its principal place of business in New York. Allied world sells insurance to companies domiciled in and doing business in the State of Washington.

25.     On information and belief, defendant Berkley Insurance Company ("Berkley") is a corporation organized under the laws of Delaware with its principal place of business in Connecticut. Berkley sells insurance to companies domiciled in and doing business in the State of Washington.

## **JURISDICTION AND VENUE**

26.     This Court has subject matter jurisdiction over this action pursuant to RCW 2.08.010 because this action concerns the interpretation of insurance contracts the value of which exceeds $300, and because the claims against Hinkle and Smartsheet giving rise to this insurance coverage action are pending in King County, Washington.

27.     This Court has personal jurisdiction over Defendants because, on information and belief, each of the Defendants is licensed and/or authorized to do business in Washington State.

28.     Venue is proper in this court pursuant to RCW 4.12.020.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 5
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

1

## FACTUAL ALLEGATIONS

2

**A.  Smartsheet**

3      29.     Smartsheet is a Bellevue, Washington-based software company founded in 2005.

4    Smartsheet creates and sells a cloud-based enterprise platform that promotes project and work

5    management collaboration and is scalable to work with small teams or entire businesses.

6      30.     As a private company, Smartsheet obtained investment from several outside

7    sources.

8      31.     One of Smartsheet's early investors was Insight.

9      32.     Insight first invested in Smartsheet in 2012, contributing approximately $21

10   million to a $26 million "Series D" funding round.

11      33.     Pursuant to its investment agreement with Smartsheet, in December 2012, Insight

12   appointed Hinkle, a Managing Director at Insight, as one of the six members of Smartsheet's

13   Board of Directors.

14      34.     In 2014, Insight invested an additional $35 million in Smartsheet.

15      35.     Hinkle served as a member of Smartsheet's Board of Directors from the time of

16   his 2012 appointment by Insight until September 6, 2019.

17   **B.  The Insight Tender Offer**

18      36.     In April 2017, Smartsheet solicited additional funding as part of a "Series F

19   Round." Smartsheet received competing offers from several venture capital firms, each of which

20   contained, in addition to the purchase of Series F shares, a tender offer component for the

21   purchase of existing, privately-held Smartsheet stock.

22      37.     Smartsheet selected Insight's funding offer, in which Insight agreed to purchase

23   up to 6,623,712 existing shares at a price of $8.3035 per share (the "Tender Offer").

24      38.     The per-share price of the Tender Offer matched the per-share price Insight

25   offered to pay Smartsheet for Series F shares.

26

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 6
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

39.     The Tender Offer process included a notification to Smartsheet shareholders as to their options and rights, a forum for answering shareholder questions regarding the Tender Offer, and Offering Documents that identified the risk factors and other elements of the Tender Offer.

40.     Insight ultimately purchased approximately 5.3 million shares of Smartsheet stock through the Tender Offer.

41.     As of the close of the Tender Offer (and including its prior investments), Insight owned approximately 28% of Smartsheet.

### C.  **Smartsheet's Initial Public Offering**

42.     On December 21, 2017, Smartsheet filed with the United States Securities and Exchange Commission ("SEC") a draft registration statement for an IPO. On March 26, 2018, Smartsheet filed a registration statement with the SEC publicly announcing its intent to issue shares of common stock in an IPO.

43.     On April 27, 2018, Smartsheet's shares began trading on the New York Stock Exchange, closing that day at $19.50 per share.

### D.  **The Three Legal Actions**

44.     Three legal actions relevant to this insurance claim have been filed:

   a.  **December 2019** – The *Colacurcio* Action – Certain sellers of Smartsheet shares in the Tender Offer sued Insight and Hinkle in an action captioned *Patrick Colacurcio, et al. v. Insight Venture Partners VII, L.P., et al.*, Case No. 2:20-cv-01856-RSM (United States District Court for the Western District of Washington);

   b.  **January 2021** – The *Insight* Action – Insight and Hinkle sued Smartsheet for advancement of defense costs for the *Colacurcio* Action in an action captioned *Insight Venture Partners VII, L.P., et al. v. Smartsheet Inc.,* Case No. 21-2-01358-5 SEA (Superior Court of King County, Washington); and

   c.  **April 2021** – The *Hanson* Arbitration – Smartsheet instituted an arbitration action against a named plaintiff in the *Colacurcio* Action, former employee David Hanson, for breach of his separation agreement, captioned *Smartsheet Inc. v. David J. Hanson*, Case No. 01-21-0002-7435 (American Arbitration Association) and Mr. Hanson asserted a securities violation counterclaim.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 7
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

### i.    The Colacurcio Action Against Insight and Hinkle

45.    On December 19, 2019, Patrick Colacurcio filed a putative class action lawsuit in this court (since removed to federal court) against various Insight entities who were buyers in the Tender Offer and Hinkle.

46.    Smartsheet was not named as a defendant in the *Colacurcio* Action.

47.    The complaint alleges, among other things, that plaintiffs were induced to sell their Smartsheet shares to Insight at artificially reduced prices in part because Hinkle improperly failed to disclose knowledge relating to a potential future Smartsheet IPO that he allegedly obtained in his role as a Director of Smartsheet.

48.    The *Colacurcio* Action alleges claims for violations of the Washington State Securities Act by Insight and Hinkle, breach of fiduciary duty by Hinkle, and unjust enrichment by Insight and Hinkle.

49.    The *Colacurcio* Action seeks class certification, actual and compensatory damages, rescission and/or damages under the Washington State Securities Act, and certain other relief.

### ii.    The Insight Action Against Smartsheet

50.    On August 27, 2020, Hinkle and the Insight entities named as defendants in the *Colacurcio* Action served a draft complaint against Smartsheet alleging that Smartsheet had violated its obligation to advance defense costs for the claims made against them in the *Colacurcio* Action.

51.    Hinkle and the Insight entities filed the complaint in the *Insight* Action against Smartsheet on January 29, 2021.

52.    Plaintiffs in the *Insight* Action claimed that Smartsheet was required to advance defense costs and indemnify them for those defense costs pursuant to Smartsheet's various agreements related to the Tender Offer, and Smartsheet's Bylaws.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 8
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

53.     Plaintiffs in the *Insight* Action alleged that they are subject to suit in the *Colacurcio* Action only because of Hinkle's role as a Smartsheet Director and their purchase of securities through the Tender Offer.

54.     The *Insight* Action sought the right to advancement of defense costs and sought declaratory relief, fees, costs, and other expenses related to the *Colacurcio* Action.

55.     The *Insight* Action has been dismissed without prejudice in connection with the Insight Settlement.

### iii.     *The Hanson Arbitration*

56.     On April 16, 2021, Smartsheet filed a demand in arbitration against David Hanson, one of the named plaintiffs in the *Colacurcio* Action and a former Smartsheet employee, for breach of a separation agreement.

57.     Smartsheet alleges in the *Hanson* Arbitration that Hanson's status as a named plaintiff in the *Colacurcio* Action violates the terms of his separation agreement because the *Colacurcio* Action asserts claims against a Smartsheet Director (Hinkle) and shareholders (Insight) and as to which Smartsheet may owe defense and indemnity.

58.     In connection with his answer to Smartsheet's complaint, Hanson asserted a counterclaim alleging, among other things, that Smartsheet violated the Washington State Securities Act by failing to disclose information regarding a potential future IPO to the sellers in the Tender Offer.

59.     The parties reached an agreement to settle the *Hanson* Arbitration, contingent on final approval of the settlement by the Court in the *Colacurcio* Action, and the arbitration has been stayed in the interim.

### E.  **Brent Frei's Divorce**

60.     Brent Frei is a founder of Smartsheet and current member of Smartsheet's Board of Directors.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 9
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

61.     On information and belief, as part of the dissolution of his marriage in 2017, Mr. Frei entered certain transactions relating to Smartsheet shares when dividing and valuing marital properties and their respective holdings.

62.     On or about April 27, 2018, his former wife furnished Mr. Frei with a draft complaint against him in arbitration.

63.     The draft complaint alleged, *inter alia*, that Mr. Frei had violated the Washington State Securities Act and certain fiduciary duties in connection with the marriage dissolution agreement.

64.     The complaint against Mr. Frei was filed in June 2018.

65.     Upon information and belief, Mr. Frei tendered the claims against him (the "Frei Divorce") to Federal under the first tower policy, which also covers Smartsheet for the policy period from April 27, 2018 to April 27, 2019.

**F.  The Insight Settlement**

66.     On November 18, 2021, Insight, Hinkle, and Smartsheet entered the Insight Settlement.

67.     Contingent on final approval of the proposed settlement by the Court in the *Colacurcio* Action, the Insight Settlement will resolve all pending claims between Insight and Hinkle on the one hand, and Smartsheet on the other, related to the *Insight* Action.

68.     In connection with the resolution, Smartsheet has agreed to pay and has paid a sum certain to resolve these matters and plaintiffs in the *Insight* Action have voluntarily dismissed their claims without prejudice.

**G.  Tower One:  The 2018-2019 Smartsheet Insurance Policies**

69.     As described with particularity below, Smartsheet purchased a tower of directors and officers liability insurance policies that cover the policy period from April 27, 2018 (the date of the IPO) to April 27, 2019 (the "2018-2019 Smartsheet Policies").

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 10
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

70.     The 2018-2019 Smartsheet Policies consist of a primary policy written by Federal and follow-form excess policies written by Allied World, Argonaut, North American Specialty, Old Republic, and Berkley (the "2018-2019 Excess Insurers").

*i.*     ***The 2018-2019 Federal Policy***

71.     Smartsheet purchased Directors & Officers and Entity Securities Liability Insurance Policy No. 8251-3818 from Federal for the policy period of April 27, 2018 to April 27, 2019 (the "2018-2019 Federal Policy").

72.     The 2018-2019 Federal Policy names Smartsheet, Inc. as the **Parent Organization**,[1] and provides $5 million in limits of liability, subject to a $750,000 retention for **Claims** (other than **Securities Claims)** under Insuring Clause B and a $2 million retention for **Securities Claims** under Insuring Clauses B and C.

73.     The 2018-2019 Federal Policy insures the **Organization** defined as Smartsheet, Inc. and any **Subsidiary**.

74.     The 2018-2019 Federal Policy also covers **Insured Persons**, defined to include "any natural person who was, now is or shall become . . . a duly elected or appointed director" of any **Organization**.

75.     Insuring Clause B of the 2018-2019 Federal Policy states:

[Federal] shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, to the extent the **Organization** pays or indemnifies such **Loss**.

76.     Insuring Clause C of the 2018-2019 Federal Policy states:

[Federal] shall pay, on behalf of an **Organization**, **Loss** on account of a **Securities Claim** first made against the **Organization** during the **Policy Period**.

---

[1] Terms in **bold font** are defined by the referenced insurance policy.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 11
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

77.     **Claim** includes (A) any written demand for monetary or non-monetary relief against an **Insured** for a **Wrongful Act**, and (B) any proceeding against an **Insured** for a **Wrongful Act** commenced by the service of a civil complaint or similar pleading.

78.     The 2018-2019 Federal Policy defines a **Securities Claim** as a **Claim**:

"(A) against an **Insured** for a violation of any United States securities law, but solely in connection with the securities of an **Organization**;

(B) against an **Insured** for a common law cause of action, plead in tandem with, or in lieu of, any securities law violation described in Subsection (A) above and brought by:

(1) A securityholder of an **Organization** with respect to his interest in the securities of such **Organization**; or

(2) Any person or entity in connection with the purchase, sale or offer to purchase or sell securities of an **Organization** . . .

79.     The 2018-2019 Federal Policy defines **Wrongful Act** as (A) "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by: (1) an **Insured Person** in his capacity as such; or (2) for purposes of any coverage afforded under Insuring Clause (C), Entity Securities Coverage, by the **Organization**;" or (B) "any other matter claimed against an **Insured Person** solely by reason of serving in his capacity as such."

80.     The 2018-2019 Federal Policy defines **Loss** as "the amount which any Insured becomes legally obligated to pay as a result of any **Claim**," and includes compensatory damages and judgments, including pre-judgment and post-judgment interest, as well as settlements. **Loss** also includes punitive, exemplary or multiplied damages (if insurable), amounts attributably to violations of Sections 11, 12 or 15 of the Securities Act of 1933, and **Defense Costs**.

81.     The 2018-2019 Federal Policy defines **Defense Costs** to mean "that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses" incurred with Federal's prior written consent.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 12 KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

82.     The 2018-2019 Federal Policy requires that Federal advance defense costs that Smartsheet or another **Insured Person** incur pursuant to a **Claim**.

83.     The 2018-2019 Federal Policy provides that "[a]ll **Related Claims** [**Claims for Wrongful Acts** based upon, arising from, or in consequence of the same or related facts, situations, transactions or events or the same or related series of facts, situations, transactions or events] shall be deemed a single **Claim** made in the **Policy Period** in which the earliest of such **Related Claims**" was first made.

### ii.     *The 2018-2019 Follow-Form Excess Policies*

84.     Smartsheet purchased a series of excess policies from Defendants Allied World, Argonaut, North American Specialty, Old Republic, and Berkley (the "2018-2019 Excess Policies"). Each of the 2018-2019 Excess Policies provides coverage on the same general terms and conditions as the 2018-2019 Federal Policy and attaches upon exhaustion of the applicable underlying limits of liability.

85.      Smartsheet purchased Allied World policy number 0311-3083 for the policy period of April 27, 2018, to April 27, 2019 (the "2018-2019 Allied World Policy").

86.     The 2018-2019 Allied World Policy provides $5 million in limits of liability excess of the 2018-2019 Federal Policy.

87.     Coverage under the 2018-2019 Allied World Policy applies under "the terms and conditions of the [2018-2019 Federal Policy] as in effect the first day of the Policy Period."

88.     Smartsheet purchased Argonaut policy number MLX4209041-0 for the policy period of April 27, 2018, to April 27, 2019 (the "2018-2019 Argonaut Policy").

89.     The 2018-2019 Argonaut Policy provides $5 million in limits of liability excess of the 2018-2019 Allied World Policy.

90.     Coverage under the 2019-2020 Argonaut Policy applies "in conformance with the provisions of the [2018-2019 Federal Policy]."

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 13
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

91.     Smartsheet purchased North American Specialty policy number DOE 2001425 00 for the policy period of April 27, 2018, to April 27, 2019 (the "2018-2019 North American Specialty Policy").

92.     The 2018-2019 North American Specialty Policy provides $5 million in limits of liability excess of the 2018-2019 Argonaut Policy.

93.     Coverage under the 2018-2019 North American Specialty Policy applies "in accordance with the terms, definitions, conditions, exclusions and limitations of the [2018-2019 Federal Policy]."

94.     Smartsheet purchased Old Republic policy number ORPRO40731 for the policy period of April 27, 2018, to April 27, 2019 (the "2018-2019 Old Republic Policy").

95.     The 2018-2019 Old Republic Policy provides $5 million in limits of liability excess of the 2018-2019 North American Specialty Policy.

96.     Coverage under the 2018-2019 Old Republic Policy applies "in accordance with the terms, conditions, warranties and exclusions set forth in the [2018-2019 Federal Policy]."

97.     Smartsheet purchased Berkley policy number BPRO8033775 for the policy period of April 27, 2018, to April 27, 2019 (the "Berkley Policy").

98.     The Berkley Policy provides $5 million in limits of liability excess of the 2018-2019 Old Republic Policy.

99.     Coverage under the Berkley Policy "shall then apply in conformance with the provisions of the [2018-2019 Federal Policy]."

**H.  Tower Two:  The 2019-2020 Smartsheet Insurance Policies**

100.     As described with particularity below, Smartsheet purchased a tower of directors and officers liability insurance policies for the policy period from April 27, 2019 to April 27, 2020 (the "2019-2020 Smartsheet Policies").

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 14
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

101.    The 2019-2020 Smartsheet Policies consist of a primary policy written by Federal and follow-form excess policies written by Freedom Specialty, Argonaut, North American Specialty, Old Republic, and Hudson (the "2019-2020 Excess Insurers").

### i.    The 2019-2020 Federal Policy

102.    Smartsheet purchased Directors & Officers and Entity Securities Liability Insurance Policy No. 8251-3818 from Federal for the policy period of April 27, 2019 to April 27, 2020 (the "2019-2020 Federal Policy").

103.    The 2019-2020 Federal Policy names Smartsheet, Inc. as the **Parent Organization**, and provides $5 million in limits of liability, subject to a $750,000 retention for **Claims** (other than **Securities Claims)** under Insuring Clause B and a $2.5 million retention for **Securities Claims** under Insuring Clauses B and C.

104.    The 2019-2020 Federal Policy insures the **Organization** defined as Smartsheet, Inc. and any **Subsidiary**.

105.    The 2019-2020 Federal Policy also provides coverage to **Insured Persons**, defined to include "any natural person who was, now is or shall become . . . a duly elected or appointed director" of any **Organization**.

106.    Insuring Clause B of the 2019-2020 Federal Policy states:

[Federal] shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, to the extent the **Organization** pays or indemnifies such **Loss**.

107.    Insuring Clause C of the 2019-2020 Federal Policy states:

[Federal] shall pay, on behalf of an **Organization**, **Loss** on account of a **Securities Claim** first made against the **Organization** during the **Policy Period**.

108.    The 2019-2020 Federal Policy defines **Claim** to include "(A) any written demand for monetary or non-monetary relief against an **Insured** for a **Wrongful Act**, and (B) any

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 15
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

proceeding against an **Insured** for a **Wrongful Act** commenced by the service of a civil complaint or similar pleading."

109.    The 2019-2020 Federal Policy defines a **Securities Claim** as a **Claim**:

(A) against an **Insured** for a violation of any United States securities law, but solely in connection with the securities of an **Organization**;

(B) against an **Insured** for a common law cause of action, plead in tandem with, or in lieu of, any securities law violation described in Subsection (A) above and brought by:

> (1) A securityholder of an **Organization** with respect to his interest in the securities of such **Organization**; or
>
> (2) Any person or entity in connection with the purchase, sale or offer to purchase or sell securities of an **Organization** . . .

110.    The 2019-2020 Federal Policy defines **Wrongful Act** as (A) "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by: (1) an **Insured Person** in his capacity as such; or (2) for purposes of any coverage afforded under Insuring Clause (C), Entity Securities Coverage, by the **Organization**;" or (B) "any other matter claimed against an **Insured Person** solely by reason of serving in his capacity as such."

111.    The 2019-2020 Federal Policy defines **Loss** to mean "the amount which any Insured becomes legally obligated to pay as a result of any **Claim**," and includes compensatory damages and judgments, including pre-judgment and post-judgment interest, as well as settlements. **Loss** also includes punitive, exemplary or multiplied damages (if insurable), amounts attributable to violations of Sections 11, 12 or 15 of the Securities Act of 1933, and **Defense Costs**.

112.    The 2019-2020 Federal Policy defines **Defense Costs** to mean "that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses" incurred with Federal's prior written consent.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 16
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

113.    The 2019-2020 Federal Policy requires that Federal advance defense costs that Smartsheet or another **Insured Person** incurs pursuant to a **Claim**.

114.    The 2019-2020 Federal Policy provides that "[a]ll **Related Claims** [**Claims** for **Wrongful Acts** based upon, arising from, or in consequence of the same or related facts, situations, transactions or events or the same or related series of facts, situations, transactions or events] shall be deemed a single **Claim** made in the **Policy Period** in which the earliest of such **Related Claims**" was first made.

### ii.    *The 2019-2020 Follow-Form Excess Policies*

115.    Smartsheet purchased excess D&O policies from Defendants Freedom Specialty, Argonaut, North American Specialty, Old Republic, and Hudson (the "2019-2020 Excess Policies"). Each of the 2019-2020 Excess Policies provides coverage on the same general terms and conditions as the 2019-2020 Federal Policy and attach upon exhaustion of the applicable underlying limits of liability.

116.     Smartsheet purchased Freedom Specialty policy number XMF1909021 for the policy period of April 27, 2019 to April 27, 2020 (the "2019-2020 Freedom Specialty Policy").

117.    The Freedom Specialty Policy provides $5 million in limits of liability excess of the 2019-2020 Federal Policy.

118.    Coverage under the Freedom Specialty Policy applies "in accordance with the same terms, definitions, conditions, exclusions and limitations as are contained in the [2019-2020 Federal Policy]."

119.    Smartsheet purchased Argonaut policy number MLX4209041-1 for the policy period of April 27, 2019, to April 27, 2020 (the "2019-2020 Argonaut Policy").

120.    The 2019-2020 Argonaut Policy provides $5 million in limits of liability excess of the Freedom Specialty Policy.

121.    Coverage under the 2019-2020 Argonaut Policy applies "in conformance with the provisions of the [2019-2020 Federal Policy]."

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 17
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

122. Smartsheet purchased North American Specialty policy number DOE 2001425 01 for the policy period of April 27, 2019, to April 27, 2020 (the "2019-2020 North American Specialty Policy").

123. The 2019-2020 North American Specialty Policy provides $5 million in limits of liability excess of the 2019-2020 Argonaut Policy.

124. Coverage under the 2019-2020 North American Specialty Policy applies "in accordance with the terms, definitions, conditions, exclusions and limitations of the [2019-2020 Federal Policy]."

125. Smartsheet purchased Old Republic policy number ORPRO42338 for the policy period of April 27, 2019, to April 27, 2020 (the "2019-2020 Old Republic Policy").

126. The 2019-2020 Old Republic Policy provides $5 million in limits of liability excess of the 2019-2020 North American Specialty Policy.

127. Coverage under the 2019-2020 Old Republic Policy applies "in accordance with the terms, conditions, warranties and exclusions set forth in the [2019-2020 Federal Policy]."

128. Smartsheet purchased Hudson policy number HN-0303-5575 for the policy period of April 27, 2019, to April 27, 2020 (the "Hudson Policy").

129. The Hudson Policy provides $5 million in limits of liability excess of the 2019-2020 Old Republic Policy.

130. Coverage under the Hudson Policy "is subject to the same terms, conditions, other provisions and endorsements (except as regards the premium, the amount and limits of liability, and duty to defend, and except as otherwise provided herein) as are contained in the [2019-2020 Federal Policy]."

I. **Smartsheet's Claim for Insurance Coverage**

131. The *Colacurcio* Action was filed on December 19, 2019, during the policy period of the 2019-2020 Smartsheet Policies.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 18
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

1   132.    On January 10, 2020, Smartsheet tendered the *Colacurcio* Action to Federal under

2   the 2019-2020 Federal Policy and to the 2019-2020 Excess Insurers under the 2019-2020 Excess

3   Policies.

4   133.    On February 20, 2020, Federal issued a reservation-of-rights letter responding to

5   Smartsheet's tender of the *Colacurcio* Action. Federal agreed to advance only 5% of the total

6   defense costs, alleging that it was entitled to allocate such costs because Hinkle's defense

7   counsel also represented the Insight entity defendants and because some of the claims against

8   Hinkle were against him in capacities other than as a Smartsheet Director. Federal also asserted

9   that the *Colacurcio* Action was a **Related Claim** to the Frei Divorce, and accordingly, that the

10  *Colacurcio* Action was subject not to the 2019-2020 Federal Policy, but to the 2018-2019

11  Federal Policy.

12  134.    Smartsheet communicated its disagreement to Federal concerning both the

13  allocation to the Hinkle and the relatedness of the *Colacurcio* Action to the Frei Divorce.

14  135.    On August 27, 2020, Smartsheet tendered the draft complaint for the *Insight*

15  Action to Federal.

16  136.    Smartsheet tendered the draft complaint for the *Insight* Action to the 2019-2020

17  Excess Insurers.

18  137.    On October 27, 2020, Federal issued a reservation-of-rights letter responding to

19  Smartsheet's tender of the draft complaint for the *Insight* Action. Federal stated that the draft

20  complaint asserted a **Securities Claim** as contemplated by Insuring Agreement C of the 2019-

21  2020 Federal Policy. However, as it had with the *Colacurcio* Action, Federal asserted that the

22  *Insight* Action was a **Related Claim** to the Frei Divorce and subject to the 2018-2019 Federal

23  Policy.

24  138.    On December 23, 2020, given Federal's position on relatedness, Smartsheet

25  tendered the draft complaint for the *Insight* Action to the 2018-2019 Excess Insurers.

26

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 19
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

139.     On February 3, 2021, Smartsheet tendered the as-filed version of the *Insight Action* to Federal and to both the 2018-2019 Excess Insurers and the 2019-2020 Excess Insurers.

140.     On March 5, 2021, Federal issued a letter responding to Smartsheet's tender of the *Insight* Action. Federal again asserted that the *Insight* Action was a **Related Claim** to the Frei Divorce.

141.     Federal asserted in its March 5, 2021, letter that the as-filed version of the complaint in the *Insight* Action lacked a count alleging that Smartsheet violated the Washington State Securities Act, unlike the draft version of the complaint. Accordingly, Federal argued that the *Insight* Action did not allege a **Securities Claim** and so Insuring Agreement C was not triggered.

142.     Federal's position that the *Colacurcio* and *Insight* Actions are **Related Claims** to the Frei Divorce is contrary to both the terms and conditions of the Federal Policy and applicable Washington law.

143.     Federal's arbitrary 5% allocation for defense costs is contrary to both the terms and conditions in the Federal Policies and applicable Washington law.

144.     Federal's determination that the *Insight* Action does not allege a **Securities Claim** is contrary to both the terms and conditions of the 2018-2019 and 2019-2020 Federal Policies and the law and constitutes a wrongful denial of coverage.

145.     On June 14, 2021, Smartsheet tendered the counterclaim in the *Hanson* Arbitration to Federal, the 2018-2019 Excess Insurers, and the 2019-2020 Excess Insurers.

146.     Federal has not agreed to cover Smartsheet's liabilities resulting from the counterclaim in the *Hanson* Arbitration.

147.     Neither the 2018-2019 Excess Insurers nor the 2019-2020 Excess Insurers have agreed to cover Smartsheet's liabilities under the *Colacurcio* Action, the *Insight* Action, or the *Hanson* Arbitration.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 20
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

148.     Smartsheet notified Federal, the 2018-2019 Excess Insurers, and the 2019-2020 Excess Insurers of the material terms of the Insight Settlement before entering the Settlement.

149.     None of Smartsheet's insurers agreed to cover a settlement resolving the *Insight* Action.

150.     However, certain of Smartsheet's insurers, including Federal, Allied World, Argo, and North American Specialty, did agree to waive the potential coverage defense that Smartsheet had failed to seek consent before entering into the Insight Settlement.

151.     Smartsheet has complied fully with all terms and conditions in the 2018-2019 Smartsheet Policies and the 2019-2020 Smartsheet Policies and has fulfilled each obligation on its part to be performed.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment as to Defense Obligation – Against Federal and the 2019-2020 Excess Insurers)**

152.     Smartsheet repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

153.     The 2019-2020 Smartsheet Policies obligate Federal and 2019-2020 Excess Insurers to pay the **Defense Costs** incurred in defense of the claims and counterclaims made:

(a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;

(b) in the *Insight* Action against Smartsheet; and

(c) in the *Hanson* Arbitration against Smartsheet.

154.     Federal has disputed these obligations.

155.     The 2019-2020 Excess Insurers have not agreed to abide by these obligations.

156.     By reason of the foregoing, an actual and judiciable controversy presently exists between Smartsheet on the one hand, and Federal and the 2019-2020 Excess Insurers on the other hand, regarding the defense payment obligation.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 21
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

157.    Accordingly, pursuant to RCW Chapter 7.24, Smartsheet seeks a declaration that Federal and the 2019-2020 Excess Insurers must pay the **Defense Costs** incurred in defense of the claims and counterclaims made:

> (a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
>
> (b) in the *Insight* Action against Smartsheet; and
>
> (c) in the *Hanson* Arbitration against Smartsheet.

## SECOND CAUSE OF ACTION
**(Declaratory Judgment as to Defense Obligation – In the Alternative Against Federal and the 2018-2019 Excess Insurers)**

158.    Smartsheet repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

159.    Alternatively, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, then the 2018-2019 Smartsheet Policies cover the claims against Smartsheet arising from those proceedings.

160.    Accordingly, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, then the 2018-2019 Smartsheet Policies obligate Federal and 2018-2019 Excess Insurers to pay the **Defense Costs** incurred in defense of the claims and counterclaims made:

> (a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
>
> (b) in the *Insight* Action against Smartsheet; and
>
> (c) in the *Hanson* Arbitration against Smartsheet.

161.    Federal has disputed these obligations.

162.    The 2018-2019 Excess Insurers have not agreed to abide by these obligations.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 22
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

163.    By reason of the foregoing, an actual and judiciable controversy presently exists between Smartsheet on the one hand, and Federal and the 2018-2019 Excess Insurers on the other hand, regarding the defense payment obligation.

164.    Accordingly, pursuant to RCW Chapter 7.24, Smartsheet seeks, in the alternative to its First Cause of Action, a declaration that Federal and the 2018-2019 Excess Insurers must pay the **Defense Costs** incurred in defense of the claims and counterclaims made:

> (a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
>
> (b) in the *Insight* Action against Smartsheet; and
>
> (c) in the *Hanson* Arbitration against Smartsheet.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment as to any Indemnity Obligation – Against Federal and the 2019-2020 Excess Insurers)

165.    Smartsheet repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

166.    The 2019-2020 Smartsheet Policies obligate Federal and 2019-2020 Excess Insurers to cover as **Loss** all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:

> (a) the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
>
> (b) the *Insight* Action against Smartsheet; and
>
> (c) the *Hanson* Arbitration against Smartsheet.

167.    Federal has disputed these obligations.

168.    The 2019-2020 Excess Insurers have not agreed to abide by these obligations.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 23
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

169.    By reason of the foregoing, an actual and judiciable controversy presently exists between Smartsheet on the one hand, and Federal and the 2019-2020 Excess Insurers on the other hand, regarding the indemnity obligation to Smartsheet.

170.    Accordingly, pursuant to RCW Chapter 7.24, Smartsheet seeks a declaration that the 2019-2020 Smartsheet Policies obligate Federal and 2019-2020 Excess Insurers to cover as **Loss** all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:

> (a) the *Colacurcio* action against Hinkle in his capacity as a Director of Smartsheet;

> (b) the *Insight* Action against Smartsheet; and

> (c) the *Hanson* Arbitration against Smartsheet.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Declaratory Judgment as to any Indemnity Obligation – In the Alternative, Against Federal and the 2018-2019 Excess Insurers)**

171.    Smartsheet repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

172.    Alternatively, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, then the 2018-2019 Smartsheet Policies cover the claims against Smartsheet arising from those proceedings.

173.    Accordingly, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, then the 2018-2019 Smartsheet Policies obligate Federal and 2018-2019 Excess Insurers to cover as **Loss** all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 24
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

(a) the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;

(b) the *Insight* Action against Smartsheet; and

(c) the *Hanson* Arbitration against Smartsheet.

174.    Federal has disputed these obligations.

175.    The 2018-2019 Excess Insurers have not agreed to abide by these obligations.

176.    By reason of the foregoing, an actual and judiciable controversy presently exists between Smartsheet on the one hand, and Federal and the 2018-2019 Excess Insurers on the other hand, regarding the indemnity obligation.

177.    Accordingly, pursuant to RCW Chapter 7.24, Smartsheet seeks, in the alternative to its Third Cause of Action, a declaration that that Federal and the 2018-2019 Excess Insurers must cover as **Loss** all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:

(a) the *Colacurcio* action against Hinkle in his capacity as a Director of Smartsheet;

(b) the *Insight* Action against Smartsheet; and

(c) the *Hanson* Arbitration against Smartsheet.

### FIFTH CAUSE OF ACTION
**(Breach of Contract - Federal, Freedom Specialty, and Argo, or in the alternative, Federal, Allied World, and Argo)**

178.    Smartsheet repeats and realleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

179.    The 2019-2020 Federal Policy, or alternatively the 2018-2019 Federal Policy, obligates Federal to pay the **Defense Costs** incurred in defense of the claims and counterclaims made:

(a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 25
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

Smartsheet;

(b) in the *Insight* Action against Smartsheet; and

(c) in the *Hanson* Arbitration against Smartsheet.

180.    However, Federal has breached this duty by:

(a) Agreeing to advance only 5% of the costs of defending the *Colacurcio* Action based on a putative allocation to Hinkle in contravention of Washington law. *See Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424 (9th Cir. 1995);

(b) Denying coverage for the defense of the *Insight* Action entirely; and

(c) Accepting defense of the *Hanson* Arbitration counterclaim only under the 2018-2019 Federal Policy.

181.    The 2019-2020 Federal Policy, or alternatively the 2018-2019 Federal Policy, obligates Federal to indemnify Smartsheet for **Loss** incurred as a result of the Insight Settlement.

182.    However, Federal has breached this duty by refusing to cover the Insight Settlement.

183.    As a direct and proximate result of Federal's breaches of contract, Smartsheet has been injured and damaged in an amount exceeding the jurisdictional minimum of this Court, to be proven at trial.

184.    The 2019-2020 Freedom Specialty Policy and the 2019-2020 Argo Policy, or alternatively, the 2018-2019 Allied World Policy and the 2018-2019 Argo Policy, require payment of the **Defense Costs** incurred in defense of the claims and counterclaims made:

(a) in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;

(b) in the *Insight* Action against Smartsheet; and

(c) in the *Hanson* Arbitration against Smartsheet.

185.    However, Freedom Specialty and Argo, or in the alternative, Allied World and Argo, have breached this duty by denying coverage for the:

(a) the *Colacurcio* Action against Hinkle in his capacity as a Director of

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 26
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

Smartsheet;

(b) the *Insight* Action against Smartsheet; and

(c) the *Hanson* Arbitration against Smartsheet.

186.    The 2019-2020 Freedom Specialty Policy and the 2019-2020 Argo Policy, or alternatively, the 2018-2019 Allied World Policy and the 2018-2019 Argo Policy, require indemnification of Smartsheet for **Loss** incurred as a result of the Insight Settlement.

187.    However, Freedom Specialty and Argo, or in the alternative, Allied World and Argo, have breached this duty by refusing to cover the Insight Settlement.

188.    As a direct and proximate result of Freedom Specialty and Argo's breaches of contract, or alternatively, Allied World and Argo's breaches of contract, Smartsheet has been injured and damaged in an amount exceeding the jurisdictional minimum of this Court, to be proven at trial.

189.    As a result of their breaches, Federal, Freedom Specialty, Allied World, and Argo are now estopped from asserting any coverage defenses and Smartsheet is entitled to coverage by estoppel.

### SIXTH CAUSE OF ACTION
**(Bad Faith - Federal)**

190.    Smartsheet repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

191.    Federal, at all material times, had a duty to act in good faith in carrying out its obligations under both the 2018-2019 and 2019-2020 Federal Policies. The duty to act in good faith required Federal to promptly and fairly respond to Smartsheet's claims and requests, and make reasonable, informed decisions regarding Smartsheet's claims. The implied covenant of good faith and fair dealing further required Federal to refrain from any actions that would injure, frustrate, or interfere with Smartsheet's rights under the 2018-2019 and 2019-2020 Federal Policies or the 2018-2019 and 2019-2020 Excess Policies.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 27
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

192.     Federal has breached the implied covenant of good faith and fair dealing, and has acted in bad faith by:

> (a) engaging in unfair claims settlement practices;
>
> (b) on information and belief, wrongfully paying, or agreeing to pay, amounts incurred by Brent Frei for the defense of claims asserted in his matrimonial proceeding and the indemnification for his settlement of those claims, which were not Loss covered under the Federal Policy because, among other reasons, the claims were not for any Wrongful Act committed by Frei in his capacity as an Insured.

193.     Federal did the above alleged acts for the purpose of consciously withholding from Smartsheet its rights and benefits under either or both the 2018-2019 and 2019-2020 Federal Policies, and without considering Smartsheet's interests at least to the same extent as its own.

194.     Federal's conduct constitutes bad faith and violates the Washington Consumer Protection Act, RCW 19.86 *et seq*. (the "CPA").

195.     Federal has engaged in unfair or deceptive acts or practices in trade or commerce that impacts the public interest in violation of the CPA.

196.     The conduct by Federal that is violative of the CPA has caused and continues to cause damage to Smartsheet.

197.     Federal acted with a conscious and unlawful disregard of Smartsheet's rights as the named insured and beneficiary of the 2018-2019 and 2019-2020 Federal Policies.

198.     Considering information, facts, and relevant law to the contrary, Federal, by acting as alleged above and as will be proved at trial, consciously disregarded Smartsheet's rights and has prejudiced, and continues to prejudice, Smartsheet. Federal has forced Smartsheet to incur substantial financial losses in connection with the *Colacurcio* Action, the *Insight* Action, and the counterclaim from the *Hanson* Arbitration, and to take action to pursue the insurance coverage to which Smartsheet rightfully is entitled. Federal has ignored Smartsheet's interests and concerns through oppressive, malicious and fraudulent conduct.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 28
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

199.    As a direct and proximate result of Federal's breach of contract and failure to abide by its duties in connection with the *Colacurcio* Action, the *Insight* Action, and the *Hanson* Arbitration, Smartsheet has been injured and damaged in an amount exceeding the jurisdictional minimum of this Court, and to be proven at trial. Such damages include, among other things, **Loss** resulting from the Insight Settlement and the defense costs that Smartsheet has paid in the *Colacurcio* Action, the *Insight* Action, and the counterclaim from the *Hanson* Arbitration.

200.    Smartsheet has also incurred and continues to incur, significant recoverable attorneys' fees and costs to obtain the benefits to which it is entitled, pursuant to *McGreevy v. Oregon Mut. Ins. Co.*, 128 Wn.2d 26, 38 (1995) (citing *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991)). Smartsheet is entitled to recover, and seeks through this lawsuit, all such attorneys' fees and costs plus interest.

201.    As a result of its bad faith, Federal is now estopped from asserting any coverage defense and Smartsheet is entitled to coverage by estoppel.

### SEVENTH CAUSE OF ACTION
**(Violation of Insurance Fair Conduct Act - Federal)**

202.    Smartsheet repeats and re-alleges the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

203.    Federal's conduct as set forth herein constitutes a violation of the Washington Insurance Fair Conduct Act, RCW 43.30.010 et seq. (the "IFCA").

204.    Federal has unreasonably denied its obligation to provide coverage to Smartsheet in violation of the IFCA.

205.    Federal has also violated WAC 284-30-330, WAC 284-30-360, and WAC 284-30-370 by engaging in unfair claims settlement practices, by, *inter alia*, attempting to force Smartsheet to agree to coverage only on the 2018-2019 Federal Policy.

206.    Federal's violation of its statutory duties has caused and continued to cause damage to Smartsheet.

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 29
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

1

**PRAYER FOR RELIEF**

2

WHEREFORE, Smartsheet prays for judgment as follows:

3
4
5
6

    (1)    A declaration from the Court that Federal and the 2019-2020 Excess Insurers must, subject only to any applicable retention or limit of liability, pay the **Defense Costs** incurred in defense of the claims and counterclaims made:
        a.    in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
        b.    in the *Insight* Action against Smartsheet; and
        c.    in the *Hanson* Arbitration against Smartsheet.

7
8
9
10
11
12

    (2)    Alternatively, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, a declaration from the Court that the 2018-2019 Smartsheet Policies obligate Federal and 2018-2019 Excess Insurers, subject only to any applicable retention or limit of liability, to pay the **Defense Costs** incurred in defense of the claims and counterclaims made:
        a.    in the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
        b.    in the *Insight* Action against Smartsheet; and
        c.    in the *Hanson* Arbitration against Smartsheet.

13
14
15
16
17

    (3)    A declaration from the Court that Federal and 2019-2020 Excess Insurers must pay as **Loss**, subject only to any applicable retention or limit of liability, all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:
        a.    the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
        b.    the *Insight* Action against Smartsheet; and
        c.    the *Hanson* Arbitration against Smartsheet.

18
19
20
21
22
23

    (4)    Alternatively, if either the *Colacurcio* Action, the *Insight* Action or the counterclaim in the *Hanson* Arbitration are found to be **Related Claims** to the Frei Divorce, a declaration from the Court that the 2018-2019 Smartsheet Policies obligate Federal and 2018-2019 Excess Insurers to pay as **Loss**, subject only to any applicable retention or limit of liability, all amounts that Smartsheet has paid or will become obligated to pay on account of the Insight Settlement, as well as any additional sums Smartsheet has paid or will become obligated to pay arising from:
        a.    the *Colacurcio* Action against Hinkle in his capacity as a Director of Smartsheet;
        b.    the *Insight* Action against Smartsheet; and
        c.    the *Hanson* Arbitration against Smartsheet.

24
25
26

    (5)    For special and consequential damages against Federal, Freedom Specialty, and Argo, or alternatively, against Federal, Allied World, and Argo, for breach of contract, in an amount according to proof at the time of trial, plus interest, an award of attorneys' fees and costs pursuant to *Olympic Steamship*

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 30
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

585360-0001/4865-7649-2046.1

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

*Co. v. Centennial Ins. Co.*, 117 Wn.2d 37 (1991) and its progeny, and coverage by estoppel;

(6)    For special and consequential damages against Federal for its bad faith and violation of the IFCA, in an amount according to proof at the time of trial, plus interest;

(7)    Smartsheet's costs of suit incurred; and

(8)    For such other and further relief as the Court deems just and proper.

DATED this 11th day of February 2022.

MILLER NASH LLP

*s/K. Michael Fandel*

K. Michael Fandel, WSBA No. 16281
Pier 70 - 2801 Alaskan Way, Suite 300
Seattle, WA  98121
Tel: 206.624.8300
Fax: 206.340.9599
Email: *Michael.Fandel@millernash.com*

*s/Bernard P. Bell*

Bernard P. Bell*
*s/Benjamin W. Massarsky*

Benjamin W. Massarsky*
MILLER FRIEL, PLLC
2445 M Street, NW, Suite 910
Washington, DC 20037
Tel: 202.760.3160
Email: bellb@millerfriel.com
          massarskyb@millerfriel.com

Attorneys for Plaintiffs

*Applications for Pro Hac Vice Admission forthcoming*

FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF, BREACH OF CONTRACT, AND BAD FAITH - 31
KING COUNTY CAUSE NO. 21-2-12226-1 SEA

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

585360-0001/4865-7649-2046.1